## SANDERSON *vs.* OAKEY ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

A member of a commercial partnership may constitute the *firm* his attorney in fact, to endorse his name on notes payable to his order, in his absence.

Where a note is made payable at the counting-house of A, and the firm is changed to A B before the note becomes due, a demand at the counting-house of A B will be good.

The defendants are sued as makers of a promissory note payable to the order of " Joshua Fisher, at his counting-house in New-York." The note is endorsed to the plaintiff by J. & H. Fisher, as attorney in fact of Joshua Fisher.

EASTERN DIST. The evidence shows, that before the note became due,
*February*, 1840. Joshua Fisher took into partnership his brother, Henry

SANDERSON
*vs.*
OAKEY ET AL.

Fisher, but continued business at the same place, and occupied the same counting-room ; that the demand of payment was made *there* when the note became due ; and it also appeared that Joshua Fisher had appointed the firm his attorney in fact, to act for him during his absence.

There was a verdict and judgment for the plaintiff, from which the defendant appealed.

*Preston*, for the plaintiff.

*T. Slidell*, contra.

*Martin, J.*, delivered the opinion of the court.

The defendants are appellants from a judgment on their promissory note.   The only questions presented for our solution relate to the legality of the endorsement, and the demand.

1. The note was made payable to the order of Joshua Fisher, at his counting-house, in New-York, who afterwards took into partnership his brother, Henry Fisher, and traded under the firm of J. & H. Fisher.   The endorsement is in the hand-writing of Henry Fisher, who made it in the name of the firm, as attorneys of Joshua Fisher, who was then absent, and is proved to have given his power of attorney to the firm.   The jury, in our opinion, correctly considered the endorsement as valid.

2. The demand was made at the counting-house, which was that of Joshua Fisher, at the time the note was made, but had become *that* of the firm at the maturity of the note.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.